Dear Senator Hainkel:
Your opinion request to the Attorney General has been referred to me for research and response. The question presented deals with the New Orleans Public Belt Railroad and the Public Belt Railroad Commission. The question presented is as follows:
 May the City of New Orleans revise its charter to provide that the Mayor appoint all sixteen commissioners of the Public Belt Railroad Commission? You state that this would be in direct contravention of LSA-R.S. 33:4530. You ask, in sum, if the City may supersede a state statute.
As background you state as follows:
The Commission provides rail services for the Port of New Orleans and related industries, as well as having responsibility for the construction and maintenance of the Huey P. Long Bridge. The Commission was established in the 1921 Constitution and has been carried forward in the state statutes in accord with the 1974 constitution. The New Orleans City Charter of 1954 refers to the Commission as an "unattached board."
As previously stated, the issue herein is whether or not the City of New Orleans can amend its charter to provide that the Mayor appoint all sixteen members of the Commission.
At this point a review of the legal authorization of the Commission is necessary. The method of appointment for members of the Commission was established in the Louisiana Constitution of 1921 at Article 14 Section 26 which states in pertinent part as follows:
 "It shall be the duty of the City of New Orleans to continue the operation of a Public Belt Railroad by and through a commission to be known as the Public Belt Railroad Commission for the City of New Orleans, to be composed of the Mayor of said City and sixteen citizen taxpayers who shall now and hereafter be chosen in the manner and for the terms provided in Ordinance 2683, New Council Series of the City of New Orleans, approved October 8, 1904, except that, in case any commercial organization mentioned therein shall cease to exist, and there be no other organization performing similar functions, the members theretofore appointed on recommendation of such organization shall be appointed by the Public Belt Railroad Commission."
This provision required that the sixteen members be appointed in accord with City Ordinance 2683, New Council Series of the City of New Orleans, 1904. The above constitutional provision was continued as a statute by the 1974 constitution in Article 14 Section 16 which reads in part as follows:
16(A) Provisions Continued as Statutes.
 Subject to change by law or as otherwise provided in this constitution, and except as any of these conflicts with this constitution, the following provisions of the Constitution of 1921 are continued as statutes, but restricted to the same effect as on the effective date of this constitution:
10. Article XIV Sections 26 through 28
This includes section 26 which sets forth the method for appointment of the Commission members.
Pursuant to this Constitutional provision, the legislature in 1976 by Act 245, enacted LSA-R.S. 33:4530 among others, which reads in part as follows:
 33:4530 New Orleans public belt railroad; operation by City of New Orleans through public belt railroad commission
 A. "Except as hereinafter provided in § 4531, the city of New Orleans shall continue the operation of a public belt railroad by and through a commission to be known as the Public Belt Railroad Commission for the city of New Orleans, to be composed of the mayor of said city and sixteen citizen taxpayers who shall now and hereafter be chosen in the manner and for the terms provided in Ordinance 2683, New Council Series of the city of New Orleans, approved October 8, 1904, except that, in case any commercial organization mentioned therein shall cease to exist, and there be no other organization performing similar functions, the members thereof appointed on recommendation of such organization shall be appointed by the public belt railroad commission." (Emphasis added.)
Thus, the method for selecting the Commission members is set forth in this statute as authorized by the constitutions of 1974 and as originated in the constitution of 1921. Ordinance 2683 as approved October 8, 1904 provides for this selection as follows:
 "That a board of commissioners be and the same is hereby created, to be known and styled as the Public Belt Railroad Commission, for the City of New Orleans, to be composed of the Mayor of the City of New Orleans and sixteen citizen taxpayers of the City of New Orleans, who shall be duly qualified electors and shall have resided in said city for a continuous period of five years prior to their appointment, to be appointed by the Mayor of the City of New Orleans, by and with the approval of the Council of the City of New Orleans, and as follows. Three members of the New Orleans Board of Trade, upon the recommendation of said New Orleans Board of Trade; two members of the New Orleans Cotton Exchange; upon recommendation of the New Orleans Cotton Exchange; two members of the New Orleans Sugar Exchange, upon the recommendation of said New Orleans Sugar Exchange; two members of the New Orleans Progressive Union, upon the recommendation of said New Orleans Progressive Union; and two members of the Mechanics, Dealers and Lumbermen's Exchange, upon the recommendation of said Mechanics, Dealers and Lumbermen's Exchange; and five members to be appointed from the citizens of New Orleans at large, three of whom shall be from that portion of the city above Canal Street, and two of whom shall be from that portion of the city below Canal Street; should any of the foregoing organizations cease to exist or be without a legal successor, the members appointed therefrom shall serve out their allotted terms, and their successors shall thereafter be appointed by the Mayor, by and with the consent of the City Council."
The remainder of the ordinance deals with term lengths for the original appointees. All term lengths are now 16 years.
In summary, the ordinance calls for the appointments as follows: By the Mayor, with Council approval, from the following entities:
1. Three from the New Orleans Board of Trade.
2. Two from the New Orleans Cotton Exchange.
3. Two from the New Orleans Sugar Exchange.
4. Two from the New Orleans Progressive Union.
 5. Two from the Mechanics, Dealers, and Lumberman's Exchange.
 6. Five members to be appointed from the citizens of New Orleans at large, three from above Canal Street, and two from below Canal Street.
The ordinance further provides that should these above organizations cease to exist or be without legal successor, the successor appointments shall be made by the Mayor with the approval of the Council.
Initially we note that the five at large members are and have always been appointed by the Mayor with Council approval.
We also note that the ordinance differs from the 1921 constitutional provisions and LSA-R.S. 33:4530 in that the ordinance, in the event the entities mentioned therein are without legal successor, calls for the appointments to be made by the Mayor, while the statute and article call for appointments to be made by the Commission itself in that circumstance. In that the ordinance adopted in 1904 is in conflict with the 1921 constitutional provision incorporating that same ordinance, but slightly altering it, the constitutional and statutory provisions control, requiring appointment by the Commission.
We next come to the heart of the matter, namely the question of whether or not the City has the power to alter the selection process for these Commissioners, which is established by LSA-R.S. 33:4530 and Ordinance 2683 incorporated therein. The fact of New Orleans' Home Rule Charter form of government raises this issue. The question is, does New Orleans, as a home rule charter city, have the power to disregard a state statute, which was specifically authorized by the Louisiana Constitution of 1974, see Article 14 Section 16(A) 10. That statute carried forward the 1921 constitutional provision relating to appointment into LSA-R.S. 33:4530 which was enacted in 1976.
New Orleans is the oldest home rule city in the state and the United States, said status being granted by the Louisiana Constitution of 1812 and continued through the Constitution of 1921 in one form or another, See 23 Loyola Law Review 969, City of New Orleans v. Board of Supervisors 43 So.2d 237, 216 La. 116
(1949).
The City's present Home Rule Charter was adopted in 1954 and was subject to the constitution of 1921 with regard to the Public Belt Railroad. From 1921 through 1974, the method of appointment of the Commission was provided by Article 14 Section 26 of the 1921 Constitution. Two provisions of our 1974 Constitution raise the argument that the city, under its Home Rule charter may supersede the statutory method for Commission appointment contained in R.S. 33:4530. Those provisions are set forth below.
Article 6 Section 4
Existing Home Rule Charters and Plans of Government
 "Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect as may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions." [Emphasis Added]
Article 6 Section 6
 Home Rule Charter or Plan of Government; Action by Legislature Prohibited
 "The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter."
It can be argued that Section 6 above prevents the legislature from enacting LSA-R.S. 33:4530 which provides for the method of selecting the commissioners. The flaw in this position is that this same 1974 constitution also contained Article 14 Section 16(A) 10 which was a constitutional directive to enact the 1921 provisions as statutes. Our Constitution is the organic law of this state reflecting the will of the people as registered at the ballot box. That constitution mandated that the 1921 provisions at issue herein, be enacted or continued as statutes. This is a specific authorization by the states' citizens. The phrase "Except as inconsistent with this constitution" in Section 4 above requires that the specific directive of Section 16(A) 10 take precedence over any reserved powers to a home rule city in Section 4 or 6. To find otherwise would require us to read Article 14 Section 16(A) 10 out of existence and further require us to ignore LSA-R.S. 33:4530
which was enacted pursuant to constitutional authorization. The following principles of statutory construction also prevent this interpretation:
(1) No statute will be read as being without effect;
 (2) The more specific statute will be read as an exception to the more general statute.
In this instance there is only one specific, constitutionally authorized statute, R.S. 33:4530 which provides for the selection of Commissioners for the Public Belt Railroad. In Francis v. Morial 455 So.2d 1168 (La. 1984) the Supreme Court at p. 1171 stated:
 "Consequently, a home rule charter government possesses, in affairs of local concern, powers which within its jurisdiction are as broad as that of the state, except when limited by the constitution, laws permitted by the constitution, or its own home rule charter."
LSA-R.S. 33:4530 is just such a law, not only permitted by the constitution but specifically authorized and mandated by the constitution.
Therefore, it is the opinion of this office that the City of New Orleans may not revise its charter to provide a method of appointment of the Commission of the Public Belt Railroad Commission which conflicts with the provisions of LSA-R.S.33:4530.
Trusting that the above answers your question we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:cdw-0113e